IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VINCENT PASCO, )<br>    ID # 1920738, )<br>        Petitioner, )<br>  )<br>vs. )<br>  )<br>DIRECTOR, Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>        Respondent. ) | No. 3:19-CV-1237-G-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on May 22, 2019 (doc. 3), should be **DENIED** with prejudice as barred by the statute of limitations.

### I.   BACKGROUND

Vincent Pasco (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), challenges his March 27, 2014 conviction and sentence in the Criminal District Court No. 7 of Dallas County, Texas, under 28 U.S.C. § 2254. (*See* doc. 3 at 2.)[2] The respondent is the Director of TDCJ-CID (Respondent). (*See id.* at 1.)

On March 27, 2014, a jury convicted Petitioner of murder and sentenced him to life imprisonment in Case No. F-1259001-Y in the Criminal District Court No. 7 of Dallas County, Texas. (*See* doc. 29-25 at 26-29.) On October 26, 2015, the judgment and conviction were

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

affirmed on appeal.  (*See* doc. 29-3); *Pasco v. State*, No. 05–14–00413–CR, 2015 WL 6454708 (Tex. App.—Dallas Oct. 26, 2015, pet. ref'd).  On February 10, 2016, the Texas Court of Criminal Appeals refused his petition for discretionary review.  (*See* doc. 29-11); *Pasco v. State*, No. PD-1471-15 (Tex. Crim. App. Feb. 10, 2016).  He did not file a petition for a writ of certiorari with the Supreme Court.

Petitioner's first state habeas application, signed on January 20, 2017, was received by the trial court on February 3, 2017.  (*See* doc. 29-25 at 31-49.)  On August 22, 2018, the Texas Court of Criminal Appeals denied his state habeas application without written order on the findings of the trial court without a hearing.  (*See* doc. 29-19); *Ex parte Pasco*, No. WR-87,366-01 (Tex. Crim. App. Aug. 22, 2018).  His motion for reconsideration was denied on September 11, 2018.  (*See* doc. 29-21); *Ex parte Pasco*, No. WR-87,366-01 (Tex. Crim. App. Sept. 11, 2018).  On June 4, 2018, and February 22, 2019, Petitioner filed state petitions for leave to file an application for writ of mandamus, and they were denied without order by the Texas Court of Criminal Appeals on June 27, 2018, and March 20, 2019, respectively.  (*See* docs. 29-28, 29-31); *In re Pasco*, No. WR-87,366-02 (Tex. Crim. App. June 27, 2018); *In re Pasco*, No. WR-87,366-03 (Tex. Crim. App. Mar. 20, 2019).  Petitioner filed a second state habeas application, dated February 20, 2019, that was received by the trial court on February 26, 2019.  (*See* doc. 29-35 at 9-29.)  On May 1, 2019, the Texas Court of Criminal Appeals dismissed the application as a subsequent application.  (*See* doc. 29-33); *Ex parte Pasco*, No. WR-87,366-04 (Tex. Crim. App. May 1, 2019).

In a single ground for relief in his § 2254 petition, Petitioner contends that he "is actually innocent of the conviction."  (doc. 3 at 6.)  To support this ground, he claims that trial counsel:

(1) Failed to present a substantial amount of exculpatory evidence;

(2) Failed to object to the affidavit for arrest due to the perjury committed by the Affiant;

> (3) Failed to object to irrellevant [sic] testimony and improper comments by prosecutor; and
>
> (4) Failure [sic] to object to mischaracterization of the evidence by Prosecutor.

(doc. 3 at 6.) Respondent filed a response on January 17, 2020, and Petitioner filed a reply on February 5, 2020. (*See* docs. 31-32.)

## II.     STATUTE OF LIMITATIONS

Respondent contends that the § 2254 petition is barred by the statute of limitations and, alternatively, that the claims are procedurally defaulted. (*See* doc. 31.) In his reply, Petitioner states that he "contests all of the Respondent's allegations except for the one year time limitations statute under 28 U.S.C. § 2244(d)." (doc. 32 at 2.)

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104–132, 110 Stat. 1214, on April 24, 1996. It applies to all federal petitions for habeas corpus filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997); *see also* 110 Stat. 1217-1221 (governing habeas petitions in federal court). Among its provisions, the AEDPA establishes a one-year limitations period for state inmates seeking federal habeas relief. *See* 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Petitioner's conviction became final for purposes of § 2244(d)(1)(A) on May 10, 2016, after the expiration of the 90-day period to file a petition for a writ of certiorari with the Supreme Court following the refusal of his PDR by the Texas Court of Criminal Appeals.  *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) ("finality [is] established by the expiration of the ninety-day period to seek further review with the Supreme Court").  Petitioner does not allege that state action prevented him from filing a § 2254 petition earlier, and he has not alleged any newly recognized constitutional right made retroactively applicable to cases on collateral review.  *See* 28 U.S.C. § 2244(d)(1)(B), (C).

Petitioner's allegations became known or could have become known through the exercise of due diligence prior to the date his conviction became final.  Because the date his conviction became final is the latest date under § 2244(d), the one-year statute of limitations began to run from that date, May 10, 2016.  Petitioner filed this habeas action over 3 years later.  His § 2254 petition is therefore untimely in the absence of statutory or equitable tolling, or an applicable exception to the limitations period.

A.  **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

4

By the time Petitioner filed his first state habeas application on January 20, 2017,[3] 255 days had elapsed since his conviction became final on May 10, 2016, leaving him 110 days to file his federal petition. The Texas Court of Criminal Appeals denied the state habeas application on August 22, 2018, and it denied rehearing on September 11, 2018. (*See* docs. 29-19, 29-21); *Ex parte Pasco*, No. WR-87,366-01 (Tex. Crim. App. Sept. 11, 2018). The limitations period was therefore tolled from January 20, 2017, through September 11, 2018; it began to run again on September 12, 2018. The limitations period ran for the remaining 110 days and expired on December 31, 2018, so Petitioner would have had until that date to file his federal habeas petition. Because he did not file his second state habeas application until almost two months after his federal limitations period expired, it did not toll the limitations period under § 2244(d)(2).[4] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that habeas application filed in state court after expiration of the limitations period does not statutorily toll the limitations period). He filed his § 2254 petition over eight months after his request for reconsideration was denied and four months after the limitations period expired. Statutory tolling does not save the petition.

**B.     Equitable Tolling**

The AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010);

---

[3] Under the prison mailbox rule, "pleadings of *pro se* inmates, including petitions for state post-conviction relief, are deemed filed at the time they are delivered to prison authorities, not at the time they are stamped by the clerk of the court." *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner did not state when he delivered his first state habeas application to prison authorities, but because he signed and dated his state application on January 20, 2017, it could not have been filed before that date. *See Ford v. Davis*, 910 F.3d 232, 236 n.7 (5th Cir. 2018).

[4] The state petitions for leave to file writs of mandamus also did not statutorily toll the limitations period because they do not constitute post-conviction or other collateral review that tolls limitations under § 2244(d)(2). *See, e.g.*, *Kelley v. Stephens*, No. 3:15-CV-2000-D-BK, 2015 WL 10372434, at *2 (N.D. Tex. Dec. 10, 2015) (citing *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002)), rec. adopted, 2016 WL 728812 (N.D. Tex. Feb. 24, 2016); *Carr v. Dretke*, No. 5:03-CV-330-C, 2004 WL 2049318, at *3 (N.D. Tex. Sept. 10, 2004); *see also Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) ("Article 11.07 provides the exclusive means to challenge a final felony conviction.").

*Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 2000) (recognizing that only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) "he has been pursuing his rights diligently," and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden to show entitlement to equitable tolling. *See, e.g.*, *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Petitioner states that he "exercised due dilligence [sic] by raising actual innocence in both my subsequent 11.07 and my original 11.07 as well." (doc. 3 at 9.) His conclusory statement and his failure to show the existence of any rare and exceptional circumstance preventing him from filing a timely § 2254 petition do not satisfy his burden to show that he is entitled to equitable tolling. *See Tate v. Parker*, 439 F. App'x 375, 376 & n.1 (5th Cir. 2011) (per curiam) (holding that a petitioner's claim of actual innocence was not sufficient to warrant equitable tolling and citing *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000)).

C. **Actual Innocence**

Petitioner contends that he is "presenting my memorandum under the Schlup standard which provides a gateway for review of an otherwise procedurally barred constitutional claim, also implicating a miscarriage of justice." (doc. 3 at 9.) In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court "held that prisoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006).

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar. . . [or] expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has explained that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup*, 513 U.S. at 329); *see also House*, 547 U.S. at 538 (emphasizing that the *Schlup* standard is "demanding" and seldom met); *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *McQuiggin*, 569 U.S. at 386). A credible claim of actual innocence requires the "petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. "The Supreme Court has not defined 'new reliable evidence,'" and the Fifth Circuit "has not decided whether such a claim requires 'newly discovered, previously unavailable evidence, or, instead, evidence that was available but not presented at trial.'" *Plata v. Davis*, No. 18-41152, 2019 WL 11276454, at *1 (5th Cir. Dec. 5, 2019) (quoting *Hancock v. Davis*,

7

906 F.3d 387, 389 & n.1 (5th Cir. 2018)). The Fifth Circuit has, however, held that "[e]vidence does not qualify as 'new' under the *Schlup* actual-innocence standard if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock*, 906 F.3d at 390 (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)).

Here, Petitioner bases his actual innocence claim on his own birth records showing his race, video footage provided to him by his first trial counsel, and case materials and evidence received by trial counsel before trial from the state, including AIS reports, police investigative reports, lineup photos, arrest warrants and affidavits, interview videos and notes, witness lists, text messages, and emails. (*See* doc. 20 at 11-24, 30-61; doc. 29-12 at 22-25.) The record shows that trial counsel was in possession of the state's case materials and evidence prior to trial; Petitioner states that he received the video footage from his first counsel, and his own physical attributes were within his personal knowledge and were known to counsel before trial. (*See* doc. 29-12 at 22-25; doc. 20 at 11-12, 15, 30-33.) The evidence on which he relies for his actual innocence claim "'was always within the reach of [his] personal knowledge or reasonable investigation,'" and does not constitute "new" evidence sufficient to overcome the AEDPA's statute of limitations based on actual innocence under *Schlup*.[5] *Hancock*, 906 F.3d at 390 (holding that witness affidavits were not "new" evidence under the *Schlup* standard where the petitioner failed to show that they were unavailable to him or trial counsel at or before trial); *see also Plata*, 2019 WL 11276454, at *1 (holding that text messages in possession of the petitioner and counsel at trial did not constitute "new" evidence of actual innocence under *Schlup*).

Because Petitioner has failed to support his gateway claim of actual innocence with new

---

[5] To the extent Petitioner argues that the alleged ineffective assistance of counsel renders him actually innocent, he confuses two distinct concepts. Counsel's performance does not bear on whether he is actually innocent for purposes of meeting the actual innocence exception to the statute of limitations under *Schlup*.

evidence, and to show that it was more likely than not, in light of such new evidence, that no reasonable fact-finder would have found him guilty beyond a reasonable doubt, he is not entitled to the actual-innocence exception to the AEDPA's statute of limitations. His § 2254 petition should be denied as untimely.[6]

### III. RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on May 22, 2019 (doc. 3), should be **DENIED** with prejudice as barred by the statute of limitations.

**SIGNED this 28th day of March, 2022.**

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[6] Because the § 2254 petition is barred by the statute of limitations, Respondent's alternative argument that Petitioner's claims are procedurally defaulted need not be addressed. (*See* doc. 31 at 13-22.)