**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| VINCENT PASCO, | ) | |
| ID # 1920738, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:19-CV-1237-G-BH |
| | ) | |
| DIRECTOR, Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the request for a certificate of appealability included in the petitioner's *Docketing Statement*, received on May 17, 2022 (doc. 46). Based on the relevant filings and applicable law, the request for a certificate of appealability should be **DENIED**.

## I.    BACKGROUND

Vincent Pasco (Petitioner) filed a federal habeas petition under 28 U.S.C. § 2254 that was received on May 22, 2019. (*See* doc. 3.) On March 28, 2022, it was recommended that the petition be denied with prejudice as barred by the statute of limitations. (*See* doc. 38.) Petitioner objected to the recommendation on April 22, 2022. (*See* doc. 41.) On April 26, 2022, the recommendation was accepted, judgment was entered denying the petition with prejudice as barred by the statute of limitations, and a certificate of appealability was denied. (*See* docs. 42, 43.) Petitioner now seeks a certificate of appealability. (*See* doc. 46 at 2.)

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

## II.    CERTIFICATE OF APPEALABILITY

Petitioner was previously denied a certificate of appealability by order dated April 26, 2022, because he failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." (*See* doc. 42 (citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *see also* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).)  He is not now entitled to a certificate of appealability for the same reasons.

## III.    RECOMMENDATION

The request for a certificate of appealability included in the petitioner's *Docketing Statement*, received on May 17, 2022 (doc. 46), should be **DENIED**.

**SIGNED this 23rd day of May, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE